**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

EXXONMOBIL CORPORATION, CUMBERLAND FARMS, INC., FIRSTGROUP AMERICA, INC., HEXION SPECIALTY CHEMICALS, INC., WASTE MANAGEMENT OF NEW HAMPSHIRE, INC., WASTE MANAGEMENT DISPOSAL SERVICES OF MASSACHUSETTS, INC., WASTE MANAGEMENT OF MASSACHUSETTS, INC., CLEAN HABORS OF BRAINTREE, INC., FLUOR ENTERPRISES, INC., SEARS, ROEBUCK AND COMPANY, GREASED LIGHTNING, INC., FAFARD REAL ESTATE AND DEVELOPMENT CORP., DRAKE PETROLEUM COMPANY, INC., P.J. KEATING COMPANY, TRIUMVIRATE ENVIRONMENTAL, INC., BOSTON & MAINE CORPORATION, COLONIAL GAS COMPANY (d/b/a KEYSPAN ENERGY DELIVERY NEW ENGLAND), UNITED PARCEL SERVICE, GENCORP, INC., LAIDLAW TRANSIT, INC., DBT CORP., 1400 MOTORS, INC., PIKE INDUSTRIES, INC., CITY OF PROVIDENCE, RI, COVANTA HAVERHILL, INC., FORT JAMES CORPORATION, COCA-COLA ENTERPRISES, INC., REGAN FORD, INC., MARBLE MOTOR COMPANY, HAMPSHIRE REALTY TRUST, SUN REALTY TRUST, MARK O. HENRY, A & B AUTOMOTIVE, INC., AIR PRODUCTS AND CHEMICALS, INC., BALISE MOTOR SALES COMPANY, AGGREGATE INDUSTRIES-NORTHEAST REGION, INC., WINDHAM EQUITY COMPANY, CITY OF BOSTON, MA, CITY OF GLOUCESTER, MA, PEABODY MUNICIPAL LIGHT PLANT, CITY OF PEABODY, MA, COLONIAL CADILLAC-OLDSMOBILE, INC., CONTINENTAL PAVING, INC., DALEY OIL COMPANY, DAMPOLO AUTOMOTIVE, INC., COLONIAL SOUTH CHEVROLET, INC., ENZO'S NAHANT GARAGE, GARELICK FARMS, L.L.C., GENERAL ELECTRIC

CIVIL ACTION NO.:

COMPANY, INC., HAFFNER'S SERVICE STATION, )
H.J. NASSAR MOTOR COMPANY, INC., HUGHES )
MOTOR COMPANY, JAFFARIAN'S SERVICE, INC., )
ARVO'S GULF, McKENNA & O'KEEFE, MERCHANTS )
AUTOMOTIVE GROUP, INC., MURPHY'S WASTE )
OIL SERVICE, INC., MASSACHUSETTS WATER )
RESOURCES AUTHORITY, NEW ENGLAND )
DETROIT DIESEL-ALLISON, INC., )
MASSACHUSETTS ELECTRIC COMPANY, NEW )
ENGLAND POWER COMPANY, BUTLER REALTY )
TRUST (d/b/a NOYES CITGO SERVICE STATION), )
PELLETIER BROS.' GARAGE, PLYMOUTH & )
BROCKTON STREET RAILWAY COMPANY, )
PLYMOUTH ROCK TRANSPORTATION )
CORPORATION, PRATT & WHITNEY, DANIEL J. )
QUIRK (d/b/a QUIRK CHEVROLET), D.J. QUIRK )
FORD, INC., R.B. STRONG EXCAVATING & )
SEWERAGE CONTRACTOR, INC., REYNOLDS AUTO )
REPAIR, RICK STARR ENTERPRISES, INC. (d/b/a )
RICK STARR TOYOTA, RICK STARR VOLKSWAGEN )
BMW, RICK STARR PONTIAC CADILLAC, RICK )
STARR TOYOTA PONTIAC, AND RICK STARR )
FORD), RIETZL CORPORATION, RULAND )
MANUFACTURING COMPANY, SIGNATURE FLIGHT )
SUPPORT CORPORATION, SILVA'S GARAGE, SMITH )
MOTOR SALES OF HAVERHILL, INC., SUDBAY )
PONTIAC CADILLAC BUICK, INC., TOWERS FRONT )
END SERVICE, TOWN OF ANDOVER, MA, TOWN OF )
IPSWICH, MA, TOWN OF MARSHFIELD, MA, )
VACHON MOTOR SALES, INC. (d/b/a VACHON )
MAZDA), VACHON IMPORTS, INC (d/b/a VACHON )
MITSUBISHI), GENE BROWN MOTORS (d/b/a VOLVO )
VILLAGE), WNA COMET EAST, INC., WOODWORTH )
CHEVROLET-CADILLAC-BUICK, INC., YEO )
CHEVROLET, INC., HENRY'S AUTO PARTS, INC., )
JAMES M. SCANZINI (d/b/a CRITERION SYSTEMS), )
JOHN E. POWER (d/b/a POWER'S AUTO SERVICE), )
LARRY'S SERVICE, MEL'S AUTO SERVICES, INC., )
MICROMATIC PRODUCTS COMPANY, INC., S & H )
PETROLEUM CORPORATION, TRUCK SERVICES, )
INC., WAYSIDE SERVICE CENTER )
)
Defendants. )
)

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States, and through the undersigned counsel, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA ), files this Complaint and avers as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought pursuant to Sections 106, 107, and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA ), 42 U.S.C. §§ 9606, 9607, and 9613(b). The United States seeks injunctive relief requiring defendants to perform the response actions selected in EPA's Record of Decision relating to the Beede Waste Oil Superfund Site (the "Site ) dated January 9, 2004. The United States also seeks to recover certain costs incurred or to be incurred by the United States in connection with the release or threatened release of hazardous substances into the environment at or from the Beede Waste Oil Superfund Site located in Plaistow, New Hampshire.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action and over Defendants pursuant to Sections 106(a), 107(a), and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a), 9607(a), and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this judicial district pursuant to Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a), 9613(b), and 28 U.S.C. §§ 1391(b), 1391(c ) and 1395, because the claims arose, and the threatened or actual releases of hazardous substances occurred, in this district.

**DEFENDANTS**

4. ExxonMobil Corporation is a corporation with a principal place of business at 5959 Las Calinas Boulevard, Irving, TX.

Case 1:07-cv-00060-MML Document 1 Filed 03/05/2007 Page 4 of 20

5. Cumberland Farms, Inc., is a corporation with a principal place of business at 777 Dedham Street, Canton, MA.

6. FirstGroup America, Inc., is a corporation with a principal place of business at 705 Central Avenue, Suite 300, Cincinnati, OH. FirstGroup America is the successor to Ryder Truck Rental, Inc., a company that contributed hazardous waste to the Site.

7. Hexion Specialty Chemicals, Inc., is a corporation with a principal place of business at 180 East Broad Street, Columbus, OH. Hexion is the successor to Vernon Plastics Corporation, a company that contributed hazardous waste to the Site.

8. Waste Management of New Hampshire, Inc., is a corporation with a principal place of business at 1001 Fannin, Suite 4000, Houston, TX.

9. Waste Management Disposal Services of Massachusetts, Inc., is a corporation with a principal place of business at 1001 Fannin, Suite 4000, Houston, TX.

10. Waste Management of Massachusetts, Inc., is a corporation with a principal place of business at 1001 Fannin, Suite 4000, Houston, TX.

11. Clean Harbors of Braintree, Inc., is a corporation with a principal place of business at 42 Longwater Drive, P.O. Box 9149, Norwell, MA.

12. Fluor Enterprises, Inc., is a corporation with a principal place of business at One Enterprise Drive, Aliso Viejo, CA.

13. Sears, Roebuck and Company, is a corporation with a principal place of business at 3333 Beverly Road, Hoffman Estates, IL.

14. Greased Lightning, Inc., is a corporation with a principal place of business at 1294 Gorham Street, Lowell, MA.

15. Fafard Real Estate and Development Corp., is a corporation with a principal place of business at 290 Eliot Street, Ashland, MA.

16. Drake Petroleum Company, Inc., is a corporation with a principal place of business at 221 Quinabog Road, North Grosvenordale, CT.

17. P.J. Keating Company is a commercial entity with a principal place of business at 998 Reservoir Road, Lunenburg, MA.

18. Triumvirate Environmental, Inc., is a corporation with a principal place of business at 61 Inner Belt Road, Somerville, MA.

19. Boston & Maine Corporation is a corporation with a principal place of business at Iron Horse Park, Billerica, MA.

20. Colonial Gas Company (d/b/a KeySpan Energy Delivery New England) is a corporation with a principal place of business at One Metro Tech Center, Brooklyn, NY.

21. United Parcel Service is a commercial entity with a principal place of business at 55 Glenway Parkway, N.E., Atlanta, GA.

22. GenCorp, Inc., is a corporation with a principal place of business at Highway 50 & Aerojet Road, Rancho Cordova, CA.

23. Laidlaw Transit, Inc., is a corporation with a principal place of business at 55 Shuman Boulevard, Suite 400, Naperville, IL.

24. DBT Corp. is a corporation with a principal place of business at 100 South Charles Street, Baltimore, MD. DBT Corp. is the successor by merger of Fleet National Bank.

25. 1400 Motors, Inc., is a corporation with a principal place of business at 15 Marmon Drive, Nashua, NH.

26. Pike Industries, Inc., is a corporation with a principal place of business at 3 Eastgate Road, Belmont, NH.

27. The City of Providence, Rhode Island ("City of Providence ) is a municipality with a principal place of business at Providence City Hall, 25 Dorrance Street, Providence, RI.

28. Covanta Haverhill, Inc., is a corporation with a principal place of business at 100 Haverhill Way, Haverhill, MA.

29. Fort James Corporation is a corporation with a principal place of business at 133 Peachtree Street, Atlanta, GA.

30. Coca-Cola Enterprises, Inc., is a corporation with a principal place of business at One Coca-Cola Plaza, Atlanta, GA.

31. Regan Ford, Inc., is a corporation with a principal place of business at 501 Broadway, Haverhill, MA.

32. Marble Motor Company is a commercial entity with a principal place of business at 144 Lafayette Square, Haverhill, MA.

33. Hampshire Realty Trust is a trust organized under the laws of the State of Massachusetts with a principal place of business at 35 Evergreen Drive, North Andover, MA.

34. Sun Realty Trust is a trust organized under the laws of the State of Massachusetts with a principal place of business at 35 Evergreen Drive, North Andover, MA.

35. Mark O. Henry is an individual who resides in North Andover, MA.

36. A & B Automotive, Inc., is a corporation with a principal place of business at 1258 Main Street, Tewksbury, MA.

37. Air Products and Chemicals, Inc., is a corporation with a principal place of

business at 7201 Hamilton Boulevard, Allentown, PA.

38. Balise Motor Sales Company is a corporation with a principal place of business at 1102 Riverdale Street, West Springfield, MA.

39. Aggregate Industries-Northeast Region, Inc., is a corporation with a principal place of business at 1715 Broadway, Saugus, MA. Aggregate Industries-Northeast Region, Inc., is a successor in interest to Bardon Trimount, a company that contributed hazardous waste to the Site.

40. Windham Equity Company is a commercial entity with a principal place of business at 45 Haverhill Street, Andover, MA. Windham Equity Company is a successor in interest to Bill DeLuca Enterprises, a company that contributed hazardous waste to the Site.

41. The City of Boston, Massachusetts ("City of Boston ) is a municipality with a principal place of business at One City Hall Plaza, Boston, MA.

42. The City of Gloucester, Massachusetts ("City of Gloucester ) is a municipality with a principal place of business at 9 Dale Avenue, Gloucester, MA.

43. Peabody Municipal Light Plant is a municipal utility operation with a principal place of business at 201 Warren Street, Peabody, MA.

44. The City of Peabody, Massachusetts ("City of Peabody ) is a municipality with a principal place of business at 24 Lowell Street, Peabody, MA.

45. Colonial Cadillac-Oldsmobile, Inc., is a corporation with a principal place of business at 24 Commonwealth Avenue, Danvers, MA.

46. Continental Paving, Inc., is a corporation with a principal place of business at 1 Continental Drive, Londonderry, NH.

47. Daley Oil Company is a commercial entity with a principal place of business at 1119 County Street, Somerset, MA.

48. Dampolo Automotive, Inc., is a corporation with a principal place of business at 299 Boston Road, North Billerica, MA.

49. Colonial South Chevrolet, Inc., is a corporation with a principal place of business at 225 William S. Canning Boulevard, Fall River, MA.

50. Enzo's Nahant Garage is a commercial entity with a principal place of business at 21 Spring Road, Nahant, MA.

51. Garelick Farms, L.L.C., is a corporation with a principal place of business at 2515 McKinney Avenue, Suite 1200, Dallas, TX.

52. General Electric Company, Inc., is a corporation with a principal place of business at 1 River Road, Schenectady, NY.

53. Haffner's Service Station is a commercial entity with a principal place of business at 2 International Way, Lawrence, MA.

54. H.J. Nassar Motor Company, Inc., is a corporation with a principal place of business at 320 South Broadway, Lawrence, MA.

55. Hughes Motor Company is a commercial entity with a principal place of business at 1020 Riverside Drive, Methuen, MA.

56. Jaffarian's Service, Inc., is a corporation with a principal place of business at 600 River Street. Haverhill, MA. Jaffarian's Service, Inc., also conducts business as Jaffarian Volvo Toyota, Jaffarian Volvo Toyota Scion, Jaffarian Scion, and Jaffarian Motors.

57. Arvo's Gulf is a commercial entity with a principal place of business at 18

Topsfield Road, Ipswich, MA. At the time of the disposal at the Site, Arvo's Gulf operated under the name Arvo's Ipswich Mobil.

58. McKenna & O'Keefe is a commercial entity with a principal place of business at 133 Cambridge Street, Lowell, MA.

59. Merchants Automotive Group, Inc., is a corporation with a principal place of business at 1278 Hooksett Road, Hooksett, NH.

60. Murphy's Waste Oil Service, Inc., is a corporation with a principal place of business at 252 Salem Street, Woburn, MA. Murphy's Waste Oil Service, Inc., is a wholly owned subsidiary of Clean Harbors, Inc., of Norwell, MA.

61. The Massachusetts Water Resources Authority ("MWRA ) is a Massachusetts public authority established by the Massachusetts legislature to provide water and sewer services. MWRA has a principal place of business at 100 First Avenue, Building 39, Boston, MA.

62. New England Detroit Diesel-Allison, Inc., is a corporation with a principal place of business at 90 Bay State Road, Wakefield, MA.

63. Massachusetts Electric Company is a commercial entity with a principal place of business at 25 Research Drive, Westborough, MA.

64. New England Power Company is a commercial entity with a principal place of business at 25 Research Drive, Westborough, MA.

65. Butler Realty Trust (d/b/a Noyes Citgo Service Station) is a trust organized under the laws of the State of Massachusetts with a principal place of business at 223 Clinton Street, Brockton, MA.

Case 1:07-cv-00060-MML Document 1 Filed 03/05/2007 Page 10 of 20

66. Pelletier Brothers' Garage is a commercial entity with a principal place of business at 1516 Middlesex Street, Lowell, MA.

67. Plymouth & Brockton Street Railway Company is a commercial entity with a principal place of business at 31 Milk Street, Boston, MA.

68. Plymouth Rock Transportation Corporation is a corporation with a principal place of business at 95 Maple Street, Stoneham, MA.

69. Pratt & Whitney, a Division of United Technologies Corporation, is a commercial entity with a principal place of business at United Technologies Building, Hartford, CT.

70. Daniel J. Quirk, Inc. (d/b/a Quirk Chevrolet), is a corporation with a principal place of business at 444 Quincy Avenue, Braintree, MA.

71. D.J. Quirk Ford, Inc., is a corporation with a principal place of business at 540 Southern Artery, Quincy, MA.

72. R.B. Strong Excavating & Sewerage Contracting, Inc., is a corporation with a principal place of business at 122 Western Avenue, Gloucester, MA.

73. Reynolds Auto Repair is a commercial entity with a principal place of business at 407 Essex Street, Lynn, MA.

74. Rick Starr Enterprises, Inc. (d/b/a Rick Starr Toyota, Rick Starr Volkswagen BMW, Rick Starr Pontiac Cadillac, Rick Starr Toyota Pontiac, and Rick Starr Ford), is a corporation with a principal place of business at 5400 S. U.S. Highway 1, Fort Pierce, FL.

75. Rietzl Corporation is a corporation with a principal place of business at 59 Pond Street, Norwell, MA.

76. Ruland Manufacturing Company is a commercial entity with a principal place of

business at 6 Hayes Memorial Drive, Marlborough, MA.

77. Signature Flight Support Corporation is a corporation with a principal place of business at 201 South Orange Avenue, Suite 1100, Orlando, FL.

78. Silva's Garage is a commercial entity with a principal place of business at 164 Middlesex Street, North Chelmsford, MA.

79. Smith Motor Sales of Haverhill, Inc., is a corporation with a principal place of business at 420 River Street, Haverhill, MA.

80. Sudbay Pontiac, Cadillac, Buick, Inc., is a corporation with a principal place of business at 88 Causeway Street, Gloucester, MA.

81. Towers Front End Service is a commercial entity with a principal place of business at 678 Somerset Avenue, Taunton, MA.

82. The Town of Andover, Massachusetts ("Town of Andover ) is a municipality with a principal place of business at Town Offices, 36 Bartlett Street, Andover, MA.

83. The Town of Ipswich, Massachusetts ("Town of Ipswich ) is a municipality with a principal place of business at Town Hall, 25 Green Street, Ipswich, MA.

84. The Town of Marshfield, Massachusetts ("Town of Marshfield ) is a municipality with a principal place of business at Town Hall, 870 Moraine Street, Marshfield, MA.

85. Vachon Motor Sales, Inc. (d/b/a Vachon Mazda), is a corporation with a principal place of business at 1000 Washington Street, South Attleboro, MA.

86. Vachon Imports, Inc. (d/b/a Vachon Mitsubishi), is a corporation with a principal place of business at 1000 Washington Street, South Attleboro, MA.

87. Gene Brown Motors, Inc. (d/b/a Volvo Village), is a corporation with a principal

place of business at 75 North Beacon Street, Boston, MA.

88. WNA Comet East, Inc., is a corporation with a principal place of business at 6 Stuart Street, Chelmsford, MA.

89. Woodworth Chevrolet-Cadillac-Buick, Inc., is a corporation with a principal place of business at 333 North Main Street, North Andover, MA.

90. Yeo Chevrolet, Inc., is a corporation with a principal place of business at Route 110, Macy Street, Amesbury, MA.

91. Henry's Auto Parts, Inc., is a corporation with a principal place of business at 674 Rathbun Street, Blackstone, MA.

92. James M. Scanzini (d/b/a Criterion Systems), is a commercial enterprise with a principal place of business at 89 Newark Street, Haverhill, MA.

93. John E. Power (d/b/a Power's Auto Service), is a commercial entity with a principal place of business at 707 Central Street, East Bridgewater, MA.

94. Larry's Service is a commercial enterprise with a principal place of business at 665 Haverhill Street, Lawrence, MA.

95. Mel's Auto Services, Inc., is a corporation with a principal place of business at 133 Central Street, Natick, MA.

96. Micromatic Products Company, Inc., is a corporation with a principal place of business at Haverhill Street, Andover, MA.

97. S & H Petroleum Corporation is a corporation with a principal place of business at 7 Hartlawn Street, West Roxbury, MA.

98. Truck Service, Inc., is a corporation with a principal place of business at 55 State

Case 1:07-cv-00060-MML Document 1 Filed 03/05/2007 Page 13 of 20

Street, Lawrence, MA.

99. Wayside Service Center is a commercial entity with a principal place of business at 165 Turnpike Road, Westboro, MA.

**STATUTORY AND REGULATORY BACKGROUND**

100. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response actions. 42 U.S.C. §§ 9604(a), 9601(25).

101. Under Section 104(a)(1) of CERCLA, as amended:

> (1) Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment....

42 U.S.C. § 9604(a)(1)

102. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides, in addition to the President's authority to undertake response actions under Section 104 of CERCA, that:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat . . . .

103. For CERCLA response actions and enforcement purposes, the Administrator of

EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

104. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Not withstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section- -
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,. . . .
>
> * * *
>
> shall be liable for - -
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; [and]
>
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release . . . .

**SITE DESCRIPTION AND FACTUAL BACKGROUND**

105. The Site is approximately 40.6 acres and consists of two parcels of land located at 7 - 11 Kelley Road in Plaistow, New Hampshire. The Site has frontage on Kelley Road and Old County Road. Kelley Brook, a tributary of the Merrimack River, abuts a portion of the Site.

Case 1:07-cv-00060-MML Document 1 Filed 03/05/2007 Page 15 of 20

106. The Site was the location of several oil-related operations, including waste oil processing and re-sale, fuel oil sale, contaminated soil processing, cold-mix asphalt production, anti-freeze recycling, and other industrial or commercial activities from the 1920s until operations ceased in 1994.

107. Contaminants have been detected in soils and groundwater at the Site, including but not limited to the following: volatile organic compounds ("VOCs ), such as alkylbenzenes, benzene, cis-1,2-dichloroethene, ethylbenzene, naphthalene, tetrachloroethene, 1,1,1-trichloroethane, and trichloroethene; polychlorinated biphenyls ("PCBs ); lead; arsenic; and polynuclear aromatic hydrocarbons ("PAHs ), such as benzo(a)pyrene, benzo(a)anthracene, benzo(b)fluoranthene, and dibenzo(a,h)anthracene.

108. The contaminants referred to in Paragraph 107 are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

109. As a result of the release or the substantial threat of release of hazardous substances into the environment, EPA has undertaken response actions at or in connection with the Site under Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake response actions in the future.

110. In July 1996, EPA and the New Hampshire Department of Environmental Services ("NHDES ) jointly initiated a Time Critical Removal Action pursuant to CERCLA to remove tanks and drums of abandoned waste oil containing hazardous substances.

111. The Site was placed on the National Priorities List ("NPL ), 40 C.F.R. Part 300, Appendix B, in December 1996. The NPL is a national list of hazardous waste sites posing the greatest threat to health, welfare, and the environment. The NPL has been established pursuant

Case 1:07-cv-00060-MML Document 1 Filed 03/05/2007 Page 16 of 20

to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a).

112. In February 2000, EPA initiated a Non-Time Critical Removal Action pursuant to CERCLA whereby a vapor enhanced extraction system and an interceptor trench were constructed at the Site.

113. From 1996 to 2001, a remedial investigation was performed by the NHDES under a cooperative agreement with EPA pursuant to CERCLA and the National Contingency Plan, 40 C.F.R. Part 300. In August 2001, the remedial investigation report ("RI Report ) was issued and summarized Site conditions and related potential human health and ecological risks.

114. Following the remedial investigation, NHDES, under a cooperative agreement with EPA pursuant to CERCLA and the National Contingency Plan, 40 C.F.R. Part 300, performed a feasibility study of potential cleanup options, and in January 2002, it issued a feasibility study report ("FS Report ). The FS Report presented the remedial alternatives evaluated to address Site conditions and potential risks.

115. In June 2002, EPA issued a proposed plan (the "Proposed Plan ) for remedial action at the Site. After a notice and comment period, the remedial action plan was finalized in a detailed Record of Decision ("ROD ) for the Site which was issued on January 9, 2004.

116. In performing response actions at the Site, EPA has incurred and will continue to incur response costs at or in connection with the Site. As of September 30, 2006, EPA had incurred response costs totaling approximately $26.2 million, including interest. All of these costs have been incurred consistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP ), promulgated pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

## GENERAL FACTUAL ALLEGATIONS

117. The Site is a "facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

118. Each of the Defendants is a "person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

119. There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances into the environment at or from the Site.

120. As a result of the releases or threatened releases of hazardous substances at or from the Site, the United States has incurred and will continue to incur response costs, within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases or threatened releases of hazardous substances at the Site. The United States will continue to incur response costs in connection with the Site.

121. The response actions taken and to be taken at the Site are not inconsistent with the NCP.

122. Defendants are liable for EPA's unrecovered past response costs incurred in connection with the Site, and additional response costs EPA may incur in connection with the Site.

## CLAIMS FOR RELIEF:

## FIRST CLAIM FOR RELIEF

123. Paragraphs 1 through122 are realleged and incorporated herein by reference.

124. Each of the Defendants listed in Paragraphs 4 through 99 are persons within the

Case 1:07-cv-00060-MML Document 1 Filed 03/05/2007 Page 18 of 20

meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

125. Each of the Defendants is: (1) a person, or a successor in interest to a person, who by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substance(s) owned or possessed by such person, which were disposed of at the Site, which was and is owned or operated by another party and contains such hazardous substances; (2) a person who owns a facility from which there has been a release or threatened release of hazardous substance; and/or (3) a person who at the time of the disposal of hazardous substances was an owner or operator of the facility within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

126. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable to the United States for all response costs incurred and to be incurred in connection with the Site.

## SECOND CLAIM FOR RELIEF

127. Paragraphs 1 through 126 are realleged and incorporated herein by reference.

128. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in relevant part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat . . . .

129. The President, through his delegate, the Regional Administrator of EPA Region I, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release or threatened release of a hazardous substance at and from the Site.

130. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate the danger or threat at the Site.

131. EPA has determined that the remedy selected in the January 9, 2004 ROD is necessary to abate the danger or threat at the Site in terms of source control and management of the migration of contamination.

132. The Defendants are jointly and severally liable to undertake the remedial action identified in the ROD, which actions EPA has determined are necessary to abate the danger or threat at the Site.

PRAYER FOR RELIEF

Wherefore, Plaintiff, the United States of America, prays that this Court:

A. Order Defendants, jointly and severally, to perform the remedial action for the Beede Waste Oil Superfund Site selected by EPA in the Record of Decision dated January 9, 2004;

B. Order Defendants, jointly and severally, to reimburse the United States for all response costs incurred and to be incurred in connection with the Site, including interest thereon;

C. Award the United States its costs and fees in this action; and

D. Grant the United States such other relief as the Court deems just and proper.

Respectfully submitted,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

DATE: March 5, 2007

By: /s/ Jeffrey K. Sands

JEFFREY K. SANDS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 514-3908
(202) 616-2427 (fax)
jeffrey.sands@usdoj.gov

THOMAS P. COLANTUONO
United States Attorney for the
District of New Hampshire

GRETCHEN L. WITT
N.H. Bar No. 2775
Chief, Civil Division
United States Attorney's Office for the
District of New Hampshire
53 Pleasant Street
Concord, New Hampshire 03301
(603) 225-1552

Of Counsel:

CYNTHIA A. LEWIS
Senior Enforcement Counsel
United States Environmental Protection Agency, Region 1
1 Congress Street, Suite 1100
Boston Massachusetts 02114-2023